RECEIVED
IN ALEXANDRIA, LA.

AUG 2 7 2012

TONY R. MOORE, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MICHAEL DAVID SMITH | CIVIL ACTION NO. 1:12CV859 |
| VERSUS | JUDGE DRELL |
| CALVIN MCFERRIN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner Michael David Smith filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate at the Natchitoches Parish Detention Center. He challenges his parole revocation.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Background*

Petitioner alleges that his probation was wrongfully revoked because he was one day late on a one hundred dollar restitution payment. He complains that the money was even paid in full before he was actually arrested. Petitioner argues that his probation could only be revoked for commission of another felony, not for failing to pay restitution on time.

### *Law and Analysis*

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. §2241. Exhaustion of state court remedies is required for Seciton 2241 petitions. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987).

It is evident from his petition, filed less than three months after his revocation hearing, as well as a review of the presumptively reliable published jurisprudence of the Louisiana Supreme Court, which reveals no writ judgments following the parole revocation, that Petitioner failed to exhaust his state remedies before seeking relief in federal court. "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Fuller, 11 F.3d at 62. Exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and Petitioner has not alleged any extraordinary circumstances in this case.

The court notes that, even if Petitioner had filed this petition pursuant to §2254, the result would be the same. When challenging a conviction pursuant to §2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. See Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993); Richardson v. Procunier, 762 F.2d 429, 432 (5th Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982).

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus under Section 2241 be **DISMISSED** without

prejudice for failure to properly exhaust state remedies.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this ___ day of August, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE